LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

R. JAMES SLAUGHTER
RSLAUGHTER@KVN.COM

February 4, 2011

Hon. Richard Seeborg
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 3, 17th Floor
San Francisco, CA  94102

Re:  *Michael E. Davis, aka Tony Davis, et al. v. Electronic Arts Inc.*
     No. CV 10 3328 RS

Dear Judge Seeborg:

I write on behalf of Defendant Electronic Arts Inc. ("EA") to request a telephonic status conference in the near future in order to seek clarification regarding the Court's January 31, 2011 Order denying without prejudice EA's Motion to Dismiss, or, in the alternative, Special Motion to Strike Pursuant to C.C.P. 425.16 "Motion." The Order provides that EA "may re-notice its motion after the parties Case Management Conference currently set for April 7, 2011." EA requests permission to re-notice its Motion now, setting it for a date convenient to the Court and the parties after July 14, as provided by the Order. EA makes this request because of substantive protections afforded it under California's anti-SLAPP statute that arguably may be lost if the motion is not pending.

California's anti-SLAPP statute provides for a stay of discovery upon the filing of an anti-SLAPP motion. Specifically:

> All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding the motion.

*See* Cal. Code Civ. Pro. § 426.16(g). In other words, once an anti-SLAPP motion is filed, all discovery is stayed and it is Plaintiffs burden to establish good cause for discovery necessary to oppose the anti-SLAPP motion.

541270.02

Hon. Richard Seeborg
February 4, 2011
Page 2

      Following the Court's January 31, 2011 Order denying without prejudice EA's Motion to Dismiss and anti-SLAPP motion, Plaintiff served EA with extensive discovery – 99 Requests for Production, 66 Requests for Admission, and 10 interrogatories.

      EA requests permission to re-file its anti-SLAPP motion now so that it may receive the substantive benefits provided under the statute. If the parties are unable to resolve differences regarding discovery necessary to oppose EA's anti-SLAPP motion, EA will cooperate with Plaintiff in bringing any such dispute to the Court for resolution.

      Very truly yours,

      R. JAMES SLAUGHTER

RJS/blc
cc:     Brian D. Henri (via ECF)

541270.02