KEKER & VAN NEST LLP
R. JAMES SLAUGHTER - #192813
rslaughter@kvn.com
R. ADAM LAURIDSEN - #243780
alauridsen@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL E. DAVIS, aka TONY DAVIS, VINCE FERRAGAMO, and BILLY JOE DUPREE, on behalf of themselves and all other similarly situated,<br><br>                                Plaintiffs,<br><br>        v.<br><br>ELECTRONIC ARTS INC.,<br><br>                                Defendant. | Case No. 10-CV-3328-RS<br><br>**ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 FOR LEAVE TO FILE ANTI-SLAPP MOTION**<br><br>Judge:       Hon. Richard Seeborg<br><br>Date Comp. Filed:       July 29, 2010<br><br>Trial Date:  None |

543517.02

# I.    INTRODUCTION

Pursuant to Local Rule 7-11, Defendant Electronic Arts Inc. ("EA") requests leave to re-notice the Motion to Dismiss and anti-SLAPP motion that it filed on January 6, 2011 (Doc. 20) ("Anti-SLAPP Motion") and that was denied without prejudice on January 31, 2011 (Doc. 35). The Court's Order denying without prejudice EA's motion provides that EA "may re-notice its motion after the parties' Case Management Conference currently set for April 7, 2011." *Id.* at 1. EA makes this request for leave to re-notice its Anti-SLAPP motion now because of substantive protections afforded it under California's anti-SLAPP statute that arguably may be lost if the motion is not pending.

EA requested Plaintiffs' agreement to proceed in this litigation as if EA's Anti-SLAPP motion was currently on file or to jointly petition the Court to give EA leave to re-notice its motion now. *See* Declaration of R. James Slaughter ("Slaughter Decl.") ¶¶ 6-7. Plaintiffs refused. *Id.*

# II.    BACKGROUND AND ARGUMENT

On January 6, 2011, in response to Plaintiffs' first amended complaint, EA filed a Motion to Dismiss or, in the alternative, Anti-SLAPP Motion to Strike. Doc. 20. California's anti-SLAPP statute is a mechanism for expedited review of lawsuits that challenge free expression regarding a matter of public interest, such as EA's expressive works.[1]  The anti-SLAPP statute provides "a substantive immunity from suit" to defendants. *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003).[2]

Because the intent of the statute is to "provide[] a procedure for the early dismissal, before trial or discovery, of meritless cases aimed at chilling first amendment rights," it includes important substantive protections for defendants. *Physicians Comm. for Responsible Med. v. Tyson Foods, Inc.*, 119 Cal. App. 4th 120, 127 (2004).  For instance, the statute provides that

---

[1]    Video games are expressive works entitled to full First Amendment protection. *See*, *e.g.*, *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 958 (9th Cir. 2009); *Kirby v. Sega of Am., Inc.*, 144 Cal. App. 4th 47, 58 (2006).

[2]    Defendants may file an anti-SLAPP motion in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999).

543517.02

1   "[a]ll discovery proceedings in the action shall be stayed upon the filing of a notice of motion

2   made pursuant to this section" subject only a showing by plaintiff of "good cause" for

3   "specified" discovery necessary to oppose the motion. *See* Cal Civ. Pro. Code § 425.16(g). The

4   statute also provides that an order granting or denying an anti-SLAPP motion is immediately

5   appealable. Cal Civ. Pro. Code § 425.16(i). The right to immediate appeal is recognized in

6   federal court. *See Batzel*, 333 F.3d at 1025-26.

7           Following the filing of EA's Anti-SLAPP motion, Plaintiffs requested additional time to

8   respond to the motion in order to conduct discovery they believed necessary to oppose motion

9   the Motion. Slaughter Decl. ¶ 3. Without conceding that any discovery was necessary, EA

10  agreed to extend the time for plaintiffs to oppose EA's Anti-SLAPP motion in order to allow

11  time for the parties to meet and confer regarding any discovery. *See* Slaughter Decl., Ex. A. The

12  parties reduced this agreement to writing and submitted it to the court as a proposed stipulation.

13  Doc. 33. As part of the stipulation, the parties requested a continuance of the hearing date for the

14  Anti-SLAPP Motion from February 23, 2011 until July 14, 2011 (or as soon after as practicable)

15  in order to provide Plaintiffs the time to conduct discovery. *Id*. at 2.

16          The Court declined to enter the parties' stipulation and, instead, denied the Anti-SLAPP

17  Motion without prejudice and directed that it may be re-noticed *after* the Case Management

18  Conference currently scheduled for April 7, 2011. Doc. 35. In light of the substantive rights

19  afforded it under the anti-SLAPP statute, EA requested that the Court set a telephonic conference

20  for the purpose of addressing this issue. Doc. 36. EA understands that the Court denied the

21  Anti-SLAPP Motion (rather than enter the parties' stipulation regarding hearing-date

22  continuance) because the Court prefers not to have motions remain open on its calendar for as

23  lengthy a period of time as proposed by the parties. Slaughter Decl. ¶ 5.

24          Thereafter, EA proposed to Plaintiffs a new stipulation that would have had the same

25  effect of the Court entering the parties' original stipulation, but without the need to keep the

26  Anti-SLAPP Motion open on the Court's calendar. *See* Slaughter Decl., Ex. B. Specifically, EA

27  proposed that Plaintiff, "without conceding that California state procedural rules are applicable

28  in this case, Plaintiffs agree that Plaintiff's discovery requests and any related motion practice

2

543517.02

1   will proceed as though EA's anti-SLAPP motion is on file as of the date of this Stipulation." *Id.*

2   at 2.[3] Consistent with the parties' prior agreements and the requirements of the anti-SLAPP

3   statute, EA also proposed that "Plaintiffs' agree not to object to the Special Motion to Strike on

4   the ground that it is filed beyond 60 days from the date the First Amended Complaint was served

5   or on the ground that it will be set for hearing more than 30 days from the filing of the Special

6   Motion to Strike and Plaintiffs reserve all other grounds for objection to the Special Motion to

7   Strike." Plaintiff refused to agree to the stipulation.  Slaughter Decl. ¶ 7.

8          Therefore, EA respectfully requests leave pursuant to Local Rule 7-11 to re-notice the

9   Anti-SLAPP Motion now for a hearing on July 14, 2011 or as soon after as practicable.  The

10  Court's order dismissing EA's Anti-SLAPP motion without prejudice has arguably stripped EA

11  of substantive protections to which it is entitled under California's anti-SLAPP statute.  *See*, *e.g.*,

12  *Batzel*, 333 F.3d at 1024-25.  EA's requested relief will not prejudice Plaintiff or the Court.  By

13  granting leave to re-notice the Anti-SLAPP Motion, the Court will return the parties to the same

14  positions they occupied upon filing their January 26, 2011 stipulation and will not delay

15  consideration of the Motion, which cannot be set for hearing before July 14, 2011 under the

16  Court's current order.  *See* Doc. 35.

17         For these reasons, EA requests that the Court grant its administrative motion for leave to

18  re-notice the Anti-SLAPP motion.

19  Dated:  February 11, 2011                          KEKER & VAN NEST LLP

20

21                                              By:  /s/ R. James Slaughter

22                                                   R. JAMES SLAUGHTER
                                                     R. ADAM LAURIDSEN
23                                                   Attorneys for Defendant
                                                     ELECTRONIC ARTS INC.
24

25  _____

26  [3]      Plaintiffs may argue that the anti-SLAPP statute stay on discovery is not applicable in
    federal court.  They are wrong.  *See*, *e.g.*, *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1101-
27  02 (C.D. Cal. 2005).  Regardless, the purpose of EA's proposed stipulation—and this
    administrative motion—was to put the parties in the same position as if the Anti-SLAPP motion
28  was still on file, preserving each side's arguments regarding the applicability of the statute's
    discovery provisions for briefing regarding discovery disputes, if any.