*E-Filed 3/2/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL E. DAVIS, aka TONY DAVIS, VINCE FERRAGAMO, and BILLY JOE DUPREE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC ARTS INC.,<br><br>Defendant.<br>_____/ | No. C 10-03328 RS<br><br>**ORDER ON DEFENDANT'S ADMINISTRATIVE MOTION** |

On January 26, 2011, the parties filed a stipulation to continue the hearing on defendant's motion to dismiss, or, in the alternative, special motion to strike pursuant to C.C.P. § 425.16 (anti-SLAPP motion) then scheduled for February 24, 2010 to July 14, 2011. On January 31, 2011, the Court entered the parties' stipulation with one modification. The motion was dismissed without prejudice and the Court's Order stated that defendant could re-notice its motion after the parties' Case Management Conference currently set on April 7, 2011. Through its Order, the Court sought to enter the parties' stipulation without continuing the motion for nearly five months. To the extent that the Order does not mirror the stipulation to which the parties had agreed, no substantive change in the parties' positions—actual or perceived—is intended.

Defendant filed an administrative motion to re-notice its motion without delay, in particular its anti-SLAPP motion. It seeks to preserve the right to argue that California Code of Civil

Procedure section 425.16(g) applies to stay discovery prior to entry of an order on its anti-SLAPP motion. Plaintiffs oppose the motion on the grounds that it contradicts the January 31, 2011 Order. Plaintiffs also declined to enter a stipulation proposed by defendant to proceed as if the anti-SLAPP motion were on file. As plaintiffs disagree that section 425.16(g) applies, they see no need to reconsider the Court's prior Order. They have not stated any prejudice, however, that would result from placing the parties in the position to which they stipulated on January 26, 2011.

Accordingly, the Court enters the following additions to the January 31, 2011 Order:

- Without plaintiffs' conceding that California state procedural rules are applicable in this case, their discovery requests and any related motion practice shall proceed as though EA's anti-SLAPP motion is on file as of January 6, 2011.
- As this Court granted EA permission to re-file its anti-SLAPP motion after the Case Management Conference, such filing at that time shall be deemed proper for purposes of C.C.P. § 425.16(f).

To clarify, the Court's January 31, 2011 Order and this Order are scheduling orders. No consideration has been given to the parties' discovery-related arguments as those issues are not before the Court. The parties are not restricted from making future requests, through stipulations or motions if necessary, to modify the present schedule established by these two Orders.

IT IS SO ORDERED.

Dated: 3/2/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE