KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
R. JAMES SLAUGHTER - #192813
rslaughter@kvn.com
R. ADAM LAURIDSEN - #243780
alauridsen@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL E. DAVIS, aka TONY DAVIS, VINCE FERRAGAMO, and BILLY JOE DUPREE, on behalf of themselves and all other similarly situated,<br><br>                            Plaintiffs,<br><br>      v.<br><br>ELECTRONIC ARTS INC.,<br><br>                            Defendant. | Case No. 10-CV-3328-RS<br><br>**ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO CCP 425.16**<br><br>Date:      August 25, 2011<br>Time:     1:30 p.m.<br>Dept:     Courtroom 3, 17th Floor<br>Judge:   Hon. Richard Seeborg<br><br>Date Comp. Filed:     July 29, 2010<br><br>Trial Date: None |

ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
AND MOTION TO STRIKE PURSUANT TO CCP 425.16
CASE NO. 10-CV-3328-RS

561578.01

1      In connection with its concurrently-filed Motion to Dismiss and Special Motion to Strike, defendant Electronic Arts Inc. ("EA") respectfully requests that this Court take judicial notice of the following materials and facts pursuant to Federal Rule of Evidence 201.

1. The content of the PlayStation 2 and Xbox editions of the videogame *Madden NFL 2009*, copies of which are authenticated in the Declaration of Philip Frazier and attached to the Declaration as Exhibits A and B. *See* Frazier Decl. ¶¶ 4-5; Exs. A & B.[1]

2. The content of paragraphs 7 through 13 of the Frazier Declaration, summarizing the content of the attached editions of *Madden NFL 09*.

3. The "Order Re: Motion to Dismiss and Motion to Strike" issued in *Kent v. Universal Studios, Inc. et al.*, United States District Court for the Central District of California, Case No. CV08-2704 GAF, filed August 15, 2008. A true and correct copy of the Order is authenticated in the Declaration of Adam Lauridsen and attached to the Declaration as Exhibit A.

4. The "Order Granting In Part Defendant's Motion to Dismiss" issued in *Brown v. Electronic Arts Inc.*, United States District Court for the Central District of California, Case No. 2:09-cv-01598-FMC-RZx, filed September 23, 2009. A true and correct copy of the order is authenticated in the Declaration of Adam Lauridsen and attached to the Declaration as Exhibit B.

5. The "Memorandum & Order Regarding Motion to Dismiss First Amended Complaint" issued in *Stewart Surfboards, Inc. v. Disney Book Group*, United States District Court for the Central District of California, Case No. CV 10-2982 GAF (SSx), filed May 11, 2011. A true and correct copy of the order is authenticated in the Declaration of Adam Lauridsen and attached to the Declaration as Exhibit C.

---

[1] In accordance with this Court's electronic filing procedures, EA has manually filed copies of these *Madden NFL* games and lodged gaming consoles for both platforms.

1
ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO CCP 425.16
CASE NO. 10-CV-3328-RS

561578.01

| | | |
|---|---|---|
| 1 | Dated:  June 9, 2011 | KEKER & VAN NEST LLP |
| 4 | | By:  */s/ R. James Slaughter*<br>R. JAMES SLAUGHTER<br>R. ADAM LAURIDSEN<br>Attorneys for Defendant<br>ELECTRONIC ARTS INC. |

2

ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO CCP 425.16
CASE NO. 10-CV-3328-RS

561578.01

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Federal Rule of Evidence 201(b) authorizes this Court to take judicial notice of any fact that is "not subject to reasonable dispute in that it is … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Here, EA asks the Court to take judicial notice of (1) the content of the PlayStation 2 and Xbox editions of the videogame *Madden NFL 2009*; (2) the content of paragraphs 7 through 13 of the Frazier declaration summarizing the content of the attached editions of *Madden NFL 2009*; and (3) orders issued in the Central District of California cases *Kent v. Universal Studios, Inc., et al.*, Case No. CV08-2704 GAF (SHx), *Brown v. Electronic Arts Inc.*, Case No. 2:09-cv-01598-FMC-RZx, and *Stewart Surfboards, Inc. v. Disney Book Group*, Case No. CV 10-2982 GAF (SSx). Because these facts and materials are not subject to reasonable dispute, this Request should be granted.

### II. ARGUMENT

**A.   The Court Should Take Judicial Notice of the Content of *Madden NFL 09*.**

Under the incorporation by reference doctrine, the Court "may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Dunn v. Castro*, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010) (quotation and citation omitted; alteration in original). In ruling on a Rule 12(b)(6) motion, therefore, a court may consider materials referred to in the complaint, even if the plaintiff neglects to attach them. *See*, *e.g.*, *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (superseded by statute on other grounds) (*quoting Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds)).

Such materials may be introduced through a request for judicial notice pursuant to Federal Rule of Evidence 201. For example, in *Capcom Co., et. al. v. MKR Group, Inc.*, No. C. 08-0904 RS, 2008 WL 4661479, at *3 (N.D. Cal. Oct. 20, 2008), this Court took judicial notice of the video game "Dead Rising," which formed the basis of plaintiff's Lanham Act claim and was referred to extensively in the complaint. This Court explained that "[w]hile generally a

3
ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
AND MOTION TO STRIKE PURSUANT TO CCP 425.16
CASE NO. 10-CV-3328-RS

561578.01

court cannot consider material outside of the complaint when deciding a motion to dismiss under Rule 12(b)(6), a court may consider … those documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." (Internal citations and quotations omitted). Similarly, in granting a motion to dismiss in *Thomas v. Walt Disney Co.*, No. C-07-4392 CW, 2008 WL 425647, at *2 and n.1 (N.D. Cal. Feb. 14, 2008), *aff'd* 2009 WL 2011388 (9th Cir. 2009), the court took judicial notice of the motion picture *Finding Nemo* based upon reference to the movie's contents in plaintiff's complaint.[2]

Like the video game in *Capcom* and the motion picture in *Thomas*, the *Madden NFL 09* game is repeatedly referred to in Plaintiffs' complaint and is central to their claims. *See*, *e.g.*, First Am. Compl. ¶¶ 4, 15-25, 75-79. The complaint describes the content of the videogame, and each of Plaintiffs' claims is premised on the allegation that his likeness, and those of other former NFL players, are used in the game. *Id*. The Court, therefore, should take judicial notice of the attached games and may consider the games' content in deciding the motion now before it.

**B.     The Court Should Take Judicial Notice of Specific Content and Features of *Madden NFL 09* as Summarized in the Frazier Declaration.**

This Court may take judicial notice of specific content of *Madden NFL 09* as facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). While the Court may verify the existence of the described game content and features by reference to the works (which have been lodged with the Court and are properly before it for the reasons described above), playing the games to review the content and features could be a time consuming process. *See*, *e.g.*, *Capcom*, 2008 WL

---

[2] *See also Burnett v. Twentieth Century Fox*, 491 F. Supp. 2d 962, 966 (C.D. Cal. 2007) (considering "documents specifically referred to in a complaint, though not physically attached to the pleading," in dismissing plaintiff's common-law and statutory misappropriation claims, among others, arising from a television program's use of an animated figure allegedly resembling Carol Burnett); *Daly v. Viacom , Inc.*, 238 F. Supp. 2d 1118, 1121-22 (N.D. Cal. 2002) (considering television program referenced in, but not attached to, complaint); *Felix the Cat Prods., Inc. v. New Line Cinema*, No. CV 99-9339 FMC (RCx), 2000 WL 770481, at *1-2 (C.D. Cal. April 28, 2000) (taking judicial notice of motion picture as "an authentic document whose content is integral to plaintiff's claims but is not attached to the complaint.").

4
ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO CCP 425.16
CASE NO. 10-CV-3328-RS

561578.01

1  4661479, at *3; *Thomas*, 2008 WL 425647, at *2 and n.1; *E.S.S. Entm't 2000, Inc. v. Rock Star
2  Videos, Inc.*, 444 F. Supp. 2d 1012, 1016 (C.D. Cal. 2005).
3        The game summary provided by EA, found at Paragraphs 7 through 13 of the Frazier
4  Declaration, highlights specific content and features of the judicially noticeable games that are of
5  particular relevance to EA's motion.  The summary aims to save the Court the hours of game-
6  play likely needed to encounter the various content and features in each game.  In this way, the
7  Frazier Declaration serves as a Federal Rule of Evidence 1006 summary of voluminous
8  evidence.  *See* Fed. R. Evid. 1006 ("The contents of voluminous writings, recordings or
9  photographs which cannot be conveniently examined in court may be presented in the form of a
10 chart, summary, or calculation.").  The content of the game summary may be verified by
11 reviewing the underlying works, the games lodged with the Court.  Plaintiffs cannot reasonably
12 question the accuracy of the games as a source for verifying their features, since their own
13 complaint relies upon them for the same purpose.
14       The Court, therefore, should take judicial notice of Paragraphs 7 through 13 of the Frazier
15 Declaration summarizing content and features of the games at issue.

**C.  The Court Should Take Judicial Notice of Orders Filed in Cases from Other Courts.**

17       The Ninth Circuit has confirmed that "on a motion to dismiss, [courts] may take judicial
18 notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803
19 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of a motion to dismiss and memorandum of
20 points and authorities filed in another action).  Consistent with this rule, courts routinely take
21 judicial notice of pleadings and orders from other proceedings.  *See, e.g.*, *Bhatia v. Corrigan*,
22 No. C. 07-2054 CW, 2007 WL 4365477, at *1 n.3 (N.D. Cal. December 12, 2007) (taking
23 judicial notice of record in another proceeding); *Jimenez v. Domino's Pizza*, 238 F.R.D. 241, 246
24 (C.D. Cal. 2006) (taking judicial notice of award of labor commissioner filed in another case, an
25 opinion letter of the Division of Labor Standards Enforcement, and several bankruptcy
26 petitions); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) (taking judicial notice
27 of court records filed in other civil actions).  The orders issued in *Kent v. Universal Studios*,
28 Lauridsen Decl., Ex. A, *Brown v. Electronic Arts Inc.*, *id.*, Ex. B, and *Stewart Surfboards Inc. v.*

5
ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
AND MOTION TO STRIKE PURSUANT TO CCP 425.16
CASE NO. 10-CV-3328-RS

561578.01

1  *Disney Book Group, LLC*, *id*., Ex. C, are no different than the judicial records that were found to
2  be proper subjects of judicial notice in *MGIC* and the other cases cited above.

### III.   CONCLUSION

For these reasons, EA respectfully requests that the Court take judicial notice of the materials and facts discussed above.

Dated:  June 9, 2011                                     KEKER & VAN NEST LLP

                                      By:  /s/ R. James Slaughter
                                           R. JAMES SLAUGHTER
                                           R. ADAM LAURIDSEN
                                           Attorneys for Defendant
                                           ELECTRONIC ARTS INC.

6
ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO CCP 425.16
CASE NO. 10-CV-3328-RS

561578.01