BRIAN D. HENRI (State Bar No. 200205)
*bhenri@twtlaw.com*
MATTHEW W. MESKELL (State Bar No. 208263)
*mmeskell@twtlaw.com*
W. PAUL SCHUCK (State Bar No. 203717)
*pschuck@twtlaw.com*
**THOMAS WHITELAW LLP**
Three Embarcadero Center, Suite 1350
San Francisco, California  94111-4037
Telephone:     (415) 820-0400
Facsimile:      (415) 820-0405

JOSEPH E. THOMAS (State Bar No. 101443)
*jthomas@twtlaw.com*
MICHAEL I. KATZ (State Bar No. 181728)
*mkatz@twtlaw.com*
**THOMAS WHITELAW LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California  92612
Telephone:     (949) 679-6400
Facsimile:      (949) 679-6405

AUSTIN TIGHE *(admitted pro hac vice)*
*austin@feazell-tighe.com*
**FEAZELL & TIGHE LLP**
6618 Sitio Del Rio Boulevard
Building C-101
Austin, Texas  78730
Telephone:     (512) 372-8100
Facsimile:      (512) 372-8140

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL E. DAVIS, aka TONY DAVIS, VINCE FERRAGAMO, AND BILLY JOE DUPREE, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>ELECTRONIC ARTS, INC.,<br><br>            Defendant. | CASE NO. 10-CV-3328 RS (DMR)<br><br>**PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICAL NOTICE RE DECLARATION OF PHILIP S. FRAZIER IN SUPPORT OF ELECTRONIC ARTS, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE PURSUANT TO CCP 425.16** |

130232v2

10-CV-3328 RS (DMR)
PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE OF
THE DECL. OF PHILIP S. FRAZIER IN SUPPORT OF EA'S MOTION TO STRIKE

## I. INTRODUCTION

In its Request for Judicial Notice in Support of Motion to Dismiss and Motion to Strike Pursuant to CCP 425.16, defendant Electronic Arts, Inc. ("EA") requests, *inter alia*, that the Court take judicial notice of the contents of paragraphs 7 through 13 of the Declaration of Philip Frazier ("Frazier Decl.") which EA contends is a summary of its Madden NFL video games pursuant to Federal Rule of Evidence 1006.  (Dkt. 65, at 1, 4-5.)  Plaintiffs do not oppose the Court taking judicial notice of the submitted Madden NFL video games, however, Plaintiffs do oppose EA's request for judicial notice with regard to paragraphs 7 through 13 of the Frazier Declaration (Dkt. 64) on the grounds that those paragraphs contain information that is not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Indeed, the available evidence calls the accuracy Mr. Frazier's testimony into question.  Moreover, Mr. Frazier offers testimony that cannot be discerned from the Madden NFL video games, such as how the games were developed.  Accordingly, Mr. Frazier's testimony is not the type of information subject to judicial notice.

## II. ARGUMENT

Mr. Frazier's testimony does not merit judicial notice because it (a) is controverted by other available evidence; (b) contains information not easily ascertainable from playing the Madden NFL games; and (c) contains subjective opinion.

### A. Mr. Frazier's Assertions are Contrary to Other Available Evidence And Lack Foundation

Mr. Frazier's testimony does not qualify for judicial noticed unless its "accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Here, Mr. Frazier's accuracy and credibility are in question because his assertions are contradict the evidence.

For example, Mr. Frazier declares that only the PlayStation 2 and Xbox editions of *Madden NFL 09* had historical teams and that "[t]he version (sic) of *Madden NFL* for play on other platforms (e.g., PlayStation 3 and Xbox 360) do not include historic teams."  (Dkt. 64, ¶ 12.) In fact, the PSP, Nintendo Wii and Nintendo DS Platform Editions of *Madden NFL 09* also had historical teams.  *See* Declaration of Sony B. Barari in Support of Plaintiffs' Opposition to

1   Defendant Electronic Arts, Inc.'s Special Motion to Strike Pursuant to Cal. Code Civ. Proc. §
2   425.16 (Anti-Slapp) ¶¶ 24, 27-28, 32, 35-36, 40, 43-44, 47, 50, 54, 57-58, 62, 65, 69, 72-73, 77,
3   80-81, Exs. 20, 23-24, 28, 31-32, 36, 39-40, 43, 46, 50, 53-54, 58, 61, 65, 68-69, 73, 76-77.
4   Because Mr. Frazier's declaration misrepresents facts material to EA's motions, the accuracy of its
5   entire contents is questionable and therefore not subject to judicial notice.

6   Furthermore, pursuant to Rule 602, a witness may not testify to a matter unless "evidence
7   is introduced sufficient to support a finding that the witness has personal knowledge of the
8   matter." Fed. R. Evid. 602.  EA seeks to introduce the Declaration of Phil Frazier as a summary
9   of the contents of its Madden NFL 09 video games that is supposedly "readily available and seen
10  from a review of the games themselves." *See* Frazier Decl. ¶ 6 (Dkt. 64).  However, nowhere in
11  his Declaration does Mr. Frazier establish his personal knowledge of the games at issue or even
12  state that he has ever played the video games.  Instead, Mr. Frazier merely states that "[f]rom 2001
13  to the present, he worked on the development of Madden NFL." *Id*. ¶ 2.  Such testimony is
14  insufficient to establish Mr. Frazier's personal knowledge of the contents of the video games or a
15  basis for him to provide a summary of such contents. *See* Fed. R. Evid. 602.  Again, Mr, Frazier's
16  false testimony of material facts demonstrates that he either lacks personal knowledge about these
17  video games or is not credible.

18              **B.  The Frazier Declaration Contains Evidence Not Easily**
19                  **Ascertainable From Playing the Madden NFL Video Games**

20  In his declaration, Mr. Frazier makes a number of statements regarding how the game are
21  created or operate.  For example, Mr. Frazier states that the following game variables determine
22  play:  user's input, virtual players' personal characteristics (height, weight, athletic ability,
23  experience), crowd noise, and weather.  (Dkt. 64, ¶ 10).  It is not possible, however, to determine
24  the accuracy of such statements from merely playing the game.  Moreover, because EA has not
25  provided Plaintiffs with access to such game design information, it fails to meet the requirements
26  for providing a summary under Rule 1006. *See* Fed. R. Evid. 1006.

27  In addition, Mr. Frazer declares that the game is populated with players, coaches,
28  cheerleaders and fans "all designed and rendered by EA's graphic artists." (Dkt. 64, ¶ 8).  In fact,

1  the game player has no way of knowing who designed and rendered these game elements, or how.
2  Indeed, the fact that some of these game elements are based on likenesses that are licensed by EA
3  – including current NFL players, the coaches, and the stadiums themselves – calls into question
4  the degree to which all of these elements are fully designed and rendered by EA personnel.  *See*
5  Declaration of Brian Henri in Support of Opposition to EA's Motion to Dismiss & Motion to
6  Strike ("Henri Decl."), Exs. 7, 14 -17.

### C. The Frazier Declaration Contains Subjective Opinion That is Not Appropriately the Subject of Judicial Notice

Finally, Mr. Frazier's declaration is rife with subjective opinion regarding the video games. For example, he states that the engineering is "technologically advanced" and the audiovisual elements "creative." (Dkt. 64, ¶ 7.)  These components combine to provide "the excitement and challenge of NFL football." (*Id.*)  Mr. Frazier opines that the animations are "television-like" and sounds are "realistic." (*Id.*, ¶ 11.)  Perhaps, most significantly, Mr. Frazier contends that the historic teams do not contain images of actual players. (*Id.*, ¶ 13.)  Whether or not the player characters in the Madden NFL games are images of actual players is a disputed issue in this litigation.  Mr. Frazier's opinion is not properly the subject of judicial notice.

### III. CONCLUSION

In light of the inaccuracies, subjective opinion, and unsubstantiated assertions of Mr. Frazier's declaration, Plaintiffs respectfully request that the Court deny EA's request for judicial notice of paragraphs 7 through 13 of the Declaration of Phillip N. Frazier (Dkt. 64).

DATED: January 5, 2012                    THOMAS WHITELAW LLP


                                          By:  /s/ Brian D. Henri
                                          BRIAN D. HENRI
                                          MATTHEW W. MESKELL
                                          Attorneys for PLAINTIFFS MICHAEL E. DAVIS
                                          (aka TONY DAVIS), VINCE FERRAGAMO and
                                          BILLY JOE DUPREE