BRIAN D. HENRI (State Bar No. 200205)
bhenri@twtlaw.com
MATTHEW W. MESKELL (State Bar No. 208263)
mmeskell@twtlaw.com
W. PAUL SCHUCK (State Bar No. 203717)
pschuck@twtlaw.com
**THOMAS WHITELAW LLP**
Three Embarcadero Center, Suite 1350
San Francisco, California  94111-4037
Telephone:     (415) 820-0400
Facsimile:      (415) 820-0405

JOSEPH E. THOMAS (State Bar No. 101443)
jthomas@twtlaw.com
MICHAEL I. KATZ (State Bar No. 181728)
mkatz@twtlaw.com
**THOMAS WHITELAW LLP**
18101 Von Karman Avenue, Suite 230
Irvine, California  92612
Telephone:     (949) 679-6400
Facsimile:      (949) 679-6405

AUSTIN TIGHE *(admitted pro hac vice)*
austin@feazell-tighe.com
**FEAZELL & TIGHE LLP**
6618 Sitio Del Rio Boulevard
Building C-101
Austin, Texas  78730
Telephone:     (512) 372-8100
Facsimile:      (512) 372-8140

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL E. DAVIS, aka TONY DAVIS, VINCE FERRAGAMO, and BILLY JOE DUPREE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ELECTRONIC ARTS, INC.,<br><br>Defendant. | CASE No. 10-cv-3328 RS (DMR)<br><br>**PLAINTIFFS' REQUEST FOR JUDICAL NOTICE IN SUPPORT OF OPPOSITION TO ELECTRONIC ARTS, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Date:     January 26, 2011<br>Time:    1:30 p.m.<br>Judge:   The Honorable Richard Seeborg<br>Ctrm:    3, 17th Floor |

In connection with their concurrently-filed Opposition to Defendant Electronic Arts, Inc.'s ("EA") Motion to Dismiss and Anti-SLAPP Motion to Strike, Plaintiffs Michael E. Davis, Vince Ferragamo, and Billy Joe Dupree respectfully request that this Court take judicial notice of the following materials and facts pursuant to Federal Rule of Evidence 201:

## I. DOCUMENTS

1. Relevant portions of the Brief for Electronic Arts Inc. as Amicus Curiae Supporting the NFL Respondents in *American Needle, Inc. v. National Football League,* U.S. Supreme Court, Case No. 08-661, attached as Exhibit 4 to the Declaration of Brian Henri in Support of Opposition to EA's Motion to Dismiss & Motion to Strike ("Henri Decl.") submitted herewith.

2. Relevant portions of Electronic Arts Inc.'s Reply in Support of its Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), dated September 18, 2009, in *Keller v. Electronic Arts Inc.,* Case No. CV-09-1967-CW (N.D. Cal.). *See* Henri Decl., Ex. 29.

3. The Declaration of Jeremy Strauser, dated August 7, 2009, and relevant Exhibits thereto, which was filed by EA in the case *James ("Jim") Brown v. Electronic Arts Inc.*, Case No 2:09-cv-01598-DMG-RZ (C.D. Cal.) (Dkt. 30). *See* Henri Decl., Ex. 1.

4. Relevant portions of the Expert Report of Jill Hamburger, dated February 19, 2010, which was filed by EA in support of its opposition to the plaintiffs' class certification motion in *Pecover v. Electronic Arts Inc.*, Case No. 08-02820 VRW (N.D. Cal.) (Dkt. 108-1). *See* Henri Decl., Ex. 27.

5. The relevant portions of the Deposition Transcript of Jill Hamburger, dated February 26, 2010, from *Pecover v. Electronic Arts Inc.*, Case No. 08-02820 VRW (N.D. Cal.) (Dkt. 228-2). *See* Henri Decl., Ex. 28.

6. The relevant portions of the transcript of trial testimony of Joel Linzner, EA's Executive Vice President of Business and Legal Affairs, from *Parrish et al. v. National Football League Players Association et al.* (Case No. 07-0943 WHA) (N.D. Cal.) *See* Henri Decl., Ex. 23.

7. The License Agreement between Electronic Arts Inc. and the National Football League Players Incorporated ("Players Inc."), dated January 12, 2006. *See* Henri Decl., Ex. 14.

8. The License Agreement between Electronic Arts Inc. and the National Football Museum, Inc (dba The Pro Football Hall of Fame) and National Football League Players Incorporated, dated April 20, 2006.  *See* Henri Decl., Ex. 15.

9. The Addendum to the License Agreement, dated March 1, 1998, between Electronic Arts Inc. and the National Football League Players Incorporated.  *See* Henri Decl., Ex. 16.

10. Screen shot images of plaintiffs Michael Davis, Vince Ferragamo, and Billy Joe Dupree, attached as Exhibits 18-78 to the Declaration of Sony Barari in Support of Opposition to EA's Motion to Dismiss & Motion to Strike ("Barari Decl.") submitted herewith, from each yearly version ("Annual Version") released by EA for various gaming platforms ("Platform Editions") of the Madden NFL franchise :

2009   Sony PlayStation2 ("PS2"), Sony PlayStation Portable ("PSP), Nintendo Wii ("Wii"); Nintendo DS ("DS"), and Microsoft Xbox ("Xbox");

2008   PS2, PSP, Wii, DS, Xbox, Nintendo Gamecube ("Gamecube"), and Personal Computer ("PC");

2007   PS2, PSP, Wii, DS, Xbox, Gamecube, and PC;

2006   PS2, PSP, DS, Xbox, Gamecube, and PC;

2005   Sony PlayStation ("PS"), PS2, Xbox, Gamecube, and PC;

2004   PS, PS2, Xbox, Gamecube, and PC;

2003   PS, PS2, Xbox, Gamecube, and PC;

2002   PS, PS2, Xbox, and Gamecube;

2001   PS and PS2.

11. Excerpts from the 1979 Los Angeles Rams Media Guide.  *See* Barari Decl., Exs. 10, 90.

12. Excerpts from the 1984 Los Angeles Rams Media Guide.  *See* Barari Decl., Ex. 11.

13. Excerpts from the 1979 Tampa Bay Buccaneers Media Guide.  *See* Barari Decl., Exs. 12,84.

14. Excerpts from the 1975 Dallas Cowboys Media Guide. *See* Barari Decl., Exs. 13, 96.

15. Excerpts from the 1977 Dallas Cowboys Media Guide. *See* Barari Decl., Ex. 14.

16. Excerpts from the Football Register, 1978 Edition (The Sporting News, 1978). *See* Barari Decl., Ex. 15.

17. Excerpts from the 1979 Dallas Cowboys Media Guide. *See* Barari Decl., Exs. 16.

18. Excerpts from the 1981 Dallas Cowboys Media Guide. *See* Barari Decl., Ex. 17.

19. The blog entry entitled, "Welcome to a new season of Madden NFL football," by Ian Cummings, Creative Director for the Madden NFL franchise, dated February 7, 2010, which was posted on EA's website at the web address http://maddennfl.easports.com/blog.action?blogId=superbowlblog. *See* Henri Decl., Ex. 3

20. A printout from EA's website www.ea.com at the web address http://www.forum.ea.com/eaforum/posts/list/91040. *See* Henri Decl., Ex. 9.

21. A printout from EA's website www.ea.com at the web address http://forum.ea.com/eaforim/posts/list /96443.page. *See* Henri Decl., Ex. 10.

22. A printout from EA's website www.ea.com at the web address http://www.ea.com/games/madden-nfl-08. *See* Henri Decl., Ex. 30.

23. Printouts from EA's website www.ea.com at the web address www.ea.com/1/legal-notices. *See* Henri Decl., Exs. 24, 31.

24. The relevant portions of the Official Guides For Madden NFL 01-09. *See* Henri Decl., Ex.7.

## II. FACTS

25. Many versions of the Madden NFL franchise provide consumers with the option to select and play as current NFL players and teams or historical teams from past NFL seasons. Specifically, the following Annual Versions and Platform Editions of Madden NFL video game franchise contain historic teams:

2009   PS2, PSP, Wii, DS, and Xbox;

2008   PS2, PSP, Wii, DS, Xbox, Gamecube, and PC;

2007   PS2, PSP, Wii, DS, Xbox, Gamecube, and PC;

| | | |
|---|---|---|
| 1 | 2006 | PS2, PSP, DS, Xbox, Gamecube, and PC; |
| 2 | 2005 | Sony PlayStation ("PS"), PS2, Xbox, Gamecube, and PC; |
| 3 | 2004 | PS, PS2, Xbox, Gamecube, and PC; |
| 4 | 2003 | PS, PS2, Xbox, Gamecube, and PC; |
| 5 | 2002 | PS, PS2, Xbox, and Gamecube; |
| 6 | 2001 | PS andPS2. |

*See* Barari Decl., ¶¶ 22-82, Exs. 18-78.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PRELIMINARY STATEMENT

Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts, or any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Plaintiffs Michael E. Davis, Vince Ferragamo, and Billy Joe DuPree ("Plaintiffs") respectfully request that this Court take judicial notice of (1) briefing, declarations, and expert reports filed by Defendant Electronic Arts Inc. ("EA") in other actions before courts in the Northern and Central Districts of California and in the Supreme Court of the United States; (2) relevant portions of a transcript of the deposition of EA's expert witness, Jill Hamburger, in an anti-trust matter regarding the Madden NFL video game before another court in the Northern District of California; (3) screen shots from specific Annual Versions and Platform Editions of the Madden NFL video game franchise; (4) media guides and reference materials for some of the historic teams at issue that list players' characteristics and biographical information; (5) screen shots from EA's website; and (6) "Official Guides" for the Madden NFL video games.  In addition, Plaintiffs request that this Court take judicial notice of the fact that specific annual versions and platform editions of EA's Madden NFL video games contain the historic team feature.  Because the existence and content of each of these materials and facts are not subject to reasonable dispute and are capable of determination by reference to credible sources, judicial

notice is proper.

## II. ARGUMENT

### A. The Court May Take Judicial Notice of Public Records Filed In Other Cases Involving EA.

"Matters of public record" outside of the pleadings are appropriate for a judicial notice on a motion to dismiss. *See Lee v. City of Los Angeles*, 250 F. 3d 668, 688-89 (9th Cir. 2001); *MGIC Indem Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of a motion to dismiss and memorandum of points and authorities filed in another action). Moreover, Courts routinely take judicial notice of records and filings from other courts. *See e.g., James v. Hubbard*, 2011 U.S. Dist. Lexis 57835, at *2 (E.D. Cal. May 31, 2011) (a court may take judicial notice of court filings and matters of public record in ruling on a motion to dismiss); *Airframe Sys. Inc. v. Raytheon*, 520 F. Supp. 2d 258, 262 (D. Mass. 2007) (taking judicial notice of court documents filed in a previous case); *Jimenez v. Domino's Pizza*, 238 F.R.D. 241, 246 (C.D. Cal. 2006) (taking judicial notice of award of labor commissioner filed in another case, an opinion letter of the Department of Labor Standards Enforcement, and several bankruptcy petitions); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) (taking judicial notice of court records filed in other civil actions).

Plaintiffs seek to have this Court take judicial notice of pleadings, declarations, trial testimony, expert reports, portions of deposition testimony, and license agreements filed in other actions involving EA pending before courts in the Northern and Central Districts of California and the Supreme Court of the United States.[1] Because all of these documents are filed in other actions and are matters of public record, judicial notice it proper. Each of the documents for which Plaintiffs seek judicial notice is directly related to allegations in Plaintiffs' First Amended

---

[1] The unredacted License Agreement between EA and National Football League Players Incorporated ("Players Inc."), dated January 12, 2006, is not publicly available in its unredacted form. However, there can be no question as to its authenticity as it was produced by Players Inc. in response to a subpoena from Plaintiffs and is fully executed. Furthermore, a redacted version of this agreement is publicly available from Pacer in *Parrish et al. v. National Football League Players Association* Case No. 3:07-cv-00943-WHA (N.D. Cal.) (Dkt. 499).

Complaint ("FAC") and to positions EA has taken in its Motion to Dismiss and Anti-SLAPP Motion to Strike.

In addition, Plaintiffs' "FAC" (Dkt. 11) quotes the relevant portions of EA's amicus brief before the United States Supreme Court in *American Needle, Inc. v. National Football League*. *See* FAC at ¶ 57. The FAC also refers to, but does not attach, the License Agreements. *Id.* ¶¶ 37 & 57. Because the Court "may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," the Court may take judicial notice of these documents and their contents. *See Dunn v. Castro*, 621 F.3d 1196, 1204 n. 6 (9th Cir. 2010)(quotation and citation omitted; alteration in original); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Baltazar v. Apple, Inc.*, 2011 U.S. Dist. LEXIS 96140 at *fn.* 2 (N.D. Cal. Aug. 26, 2011);  *see also* Fed. R. Evid. 201(b)("The court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

**B.     The Court May Take Judicial Notice of Screen Shots From Various Annual Versions and Platform Editions of the Madden NFL Video Game Franchise.**

A court may properly take judicial notice of screen shots from materials relevant to the motion at issue. *See Datel Holding's Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of screen shot from the video game Mass Effect 2 "because it is capable of accurate and ready determination using sources whose accuracy cannot be reasonably be questioned"); *Baltazar*, 2011 U.S. Dist. LEXIS 96140 at *n.* 2 (taking judicial notice of screen shots of Apple's website where the authenticity was not questioned); *In re Facebook PPC Adver. Litig.,* 2010 U.S. Dist. LEXIS 136505, at *12 (N.D. Cal. Dec, 15, 2010)(taking judicial notice of an "exemplary screen shot" of a web page advertisement as well as copies of "click-through" agreements referred to in the complaint but not attached thereto).

Furthermore, Plaintiffs' FAC alleges that EA used the likenesses of Plaintiffs and the proposed class of retired NFL players in various Annual Versions and Platform Editions of its Madden NFL franchise but does not attach these games to the FAC. *See* FAC ¶¶ 2, 33, 75, 79, 85,

1  92, and 101.  Because EA cannot reasonably dispute the authenticity of the screen shots and they
2  can readily and easily be verified by reference to the video games, judicial notice is proper under
3  the incorporation by reference doctrine.  *See Dunn*, 621 F.3d 1196, 1204 n. 6;  *In re Silicon*
4  *Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986; *Baltazar*, 2011 U.S. Dist. LEXIS 96140 at *fn.* 2; Fed.
5  R. Evid. 201(b); *see also Datel*, 712 F. Supp. 2d. at 985.

6      C.    **The Court May Take Judicial Notice of the Media Guides Referred to In the FAC But Not Attached To It.**
7

8         Plaintiffs' FAC alleges that EA used the likenesses of retired NFL players, including
9  Plaintiffs, in its Madden NFL video games and that information for the "player models" within
10 those video games matches the media guides for the teams being represented in the game.  *See*
11 FAC ¶ 39.  Because the FAC specifically refers to the media guides, and their contents are
12 publicly available and not subject to reasonable dispute, this Court may take judicial notice of the
13 media guides for each of the teams that the Plaintiffs played for that are represented as historical
14 teams in the Madden NFL video games.  *See Dunn*, 621 F.3d 1196, 1204 n. 6;  *In re Silicon*
15 *Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986; *Baltazar*, 2011 U.S. Dist. LEXIS 96140 at *fn.* 2; Fed.
16 R. Evid. 201(b).  Plaintiffs do not seek judicial notice that the information within the media guides
17 is accurate.  Rather Plaintiffs merely seek judicial notice of the information contained within the
18 media guides so that Plaintiffs may demonstrate that historical players within the Madden NFL
19 video games match the physical and biographical information for the players listed in the
20 respective media guides.

21     D.    **The Court May Take Judicial Notice of Screenshots From EA's website.**

22        The law is clear that Courts may take judicial notice of screenshots from the defendant's
23 website.  *See Baltazar*, 2011 U.S. Dist. LEXIS 96140 at *n.* 2; *In re Facebook PPC Adver. Litig.*,
24 2010 U.S. Dist. LEXIS 136505, at *12; *Datel*, 712 F. Supp. 2d. at 985 (holding court may take
25 judicial notice of "printouts from the defendants' own website").  Accordingly, this Court may
26 take judicial notice of the various screenshots from EA's website.  The authenticity of the
27 screenshots cannot be questioned.
28

**E.    The Court May Take Judicial Notice of the Official Guides for the Madden Video Games.**

Plaintiffs request that this Court take judicial notice of the Official Guides for the 2006 through 2008 Annual Versions of the Madden NFL video games. Each of these official guides is publicly available and copyrighted by EA. *See* Henri Decl., Ex. 7. Because these "Official Guides" are not subject to reasonable dispute and their accuracy cannot reasonably be questioned, they are judicially noticeable. *See Dunn*, 621 F.3d 1196, 1204 n. 6; *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986; *Baltazar*, 2011 U.S. Dist. LEXIS 96140 at *fn.* 2; Fed. R. Evid. 201(b).

**F.    The Court May Take Judicial Notice of Which Annual Versions and Platform Editions of Madden NFL Video Games Contain the Historic Team Feature.**

Finally, this Court may take judicial notice of the fact that the various Annual Versions and Platform Editions of EA's Madden NFL video games listed above contain the historic team feature because such facts are "not subject to reasonable dispute [and are]… capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Each of these games is in the public domain and the facts are verifiable from inserting the games into the necessary gaming platforms – which are also publicly available. Moreover, because EA created each of these video games, it cannot reasonably dispute the features contained within the games.

**III.    CONCLUSION**

Based upon the foregoing authorities, Plaintiffs respectfully request that the Court take judicial notice of the documents and facts set forth above.

DATED: January 5, 2012                THOMAS WHITELAW LLP

By:  /s/ Brian D. Henri
     BRIAN D. HENRI
     Attorneys for Plaintiffs Michael E. Davis,
     Vince Ferragamo, and Billy Joe DuPree