United States District Court
For the Northern District of California

**E-filed 4/12/12**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL E. DAVIS, aka TONY DAVIS, VINCE FERGAMMO, and BILLY JOE DUPREE, on behalf of themselves and all other similarly situated,

Plaintiffs,

v.

ELECTRONIC ARTS INC.,

Defendant.

______________________________________/

No. 10-03328 RS

**ORDER STAYING MATTER PENDING RESOLUTION OF DEFENDANT'S APPEAL**

Following defendant's filing of a notice of appeal of the Court's denial of its anti-SLAPP motion, defendant submitted a status report and a request for clarification as to whether all proceedings in this matter are stayed pending the resolution of its appeal. Plaintiffs subsequently filed a response indicating they are willing to stipulate to such a stay. Unfortunately, the parties have failed to meet and confer to prepare a stipulation.

A court's denial of an anti-SLAPP motion is immediately appealable. *See Hilton v. Hallmark Cards*, 599 894, 900-01 (9th Cir. 2010); *Batzel v. Smith*, 333 F.3d 1018, 1025-26. The appeal strips the district court of "its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982), thereby imposing an

automatic stay on all trial proceedings related to the anti-SLAPP motion. *Moser v. Encore Capital Group, Inc.*, 04 CV 2085 LAB WMC, 2007 WL 1114117, at *4 (S.D. Cal. Mar. 27, 2007) (citing *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 186 (2005)). In determining whether a certain component of a case is "embraced in or affected by the appeal, [a court] must consider the appeal and its possible outcomes in relation to the proceedings and its possible results." *Moser*, 2007 WL 1114117, at *4 (quoting *Delfino*, 35 Cal. 4th at 186). Here, EA jointly filed its motion to dismiss and anti-SLAPP motion. The Court denied both of defendant's motions explaining that "EA's Anti-SLAPP motion employs exactly the same analytical framework and arguments" as those rejected in its motion to dismiss. (Dkt. No. 110 at 15). In response, EA filed a notice of appeal seeking review of the Court's entire order. The anti-SLAPP motion and the motion to dismiss are, therefore, "inextricably intertwined." *Hilton v. Hallmark Cards*, 599 F.3d 894, 902 (9th Cir. 2010) ("Our cases make clear that if the properly appealable order can be resolved without necessarily resolving the pendent order, then the latter is not 'inextricably intertwined' with the former."). Consequently, the Ninth Circuit's decision on appeal will necessarily affect the remaining proceedings. While it may be in the Court's discretion to identify particular issues in the case that may be unaffected on appeal, it would be inefficient to do so. *Moser*, 2007 WL 1114117, at *4 (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242 (9th Cir. 1972) ("[Courts have] inherent power to control the disposition of the causes on the docket in a manner which will promote economy of time and effort.")). All further proceedings in this matter are hereby stayed pending the outcome of defendant's appeal.

IT IS SO ORDERED.

Dated: 4/12/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE