United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL E. DAVIS, et al.,

Plaintiffs,

v.

ELECTRONIC ARTS INC.,

Defendant.

Case No. 10-cv-03328-RS

**ORDER DENYING MOTION FOR STAY**

Pursuant to Civil Local Rule 7-1(b), defendant's motion to stay these proceedings pending the filing and disposition of a petition for a writ of certiorari is suitable for disposition without oral argument and the hearing set for September 24, 2015 is vacated and the motion will be denied.

When defendant filed its interlocutory appeal as of right to challenge the denial of its "anti-SLAPP" motion, this court was divested of jurisdiction of all aspects of the case pertaining to the appeal, with the result that those parts of the case were effectively stayed, by operation of law. Defendant then filed a "request for clarification" as to whether that automatic stay extended to the entire case (as defendant contended) or whether there were issues outside the scope of the appeal, and therefore outside the scope of the stay (as plaintiffs purportedly were asserting). See Dkt. No. 114.

Plaintiffs responded that while they in fact contended the automatic stay did not encompass all of the issues in the case, they believed it appropriate to enter a permissive stay of the remaining issues rather than litigate piecemeal. See Dkt. No. 115. An order then issued staying all proceedings "pending the outcome of defendant's appeal." See Dkt. No. 116. The order

concluded that to the extent it might be possible to identify issues outside the scope of the appeal, it would not serve judicial efficiency to do so.

With the Ninth Circuit's issuance of its mandate, jurisdiction has again vested in this court and no issues are even arguably subject to an automatic stay. Unlike the appeal to the circuit court, there is no guarantee the appeal to the Supreme Court will be heard on the merits. Indeed, as defendant acknowledges, the chances a cert petition will be granted are "slim," at best. Accordingly, the circumstances are entirely different than those presented at the time of the prior stay. The question is not whether a discretionary stay should be entered as to some parts of the case in light of the automatic stay of all issues involved in the appeal as of right, but whether there is reason to impose yet further delay in this action, when the court has full jurisdiction to proceed.[1]

While defendant is correct that a court generally has discretion to enter a stay pending "resolution of independent proceedings which bear upon the case," *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979), it has not made a persuasive showing that granting a stay would be the most appropriate exercise of such discretion in the circumstances here. The motion is denied. The parties are directed to meet and confer promptly and to submit a joint statement to the assigned magistrate judge advising her whether or not any discovery dispute remains to be resolved at the present time, in light of this order.

**IT IS SO ORDERED**.

Dated: September 3, 2015

RICHARD SEEBORG
United States District Judge

---

[1] Defendant's contention that "the same factors that led to a stay in 2012 continue to support one today" fails to recognize this very distinct procedural and factual setting.