UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. DAVIS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELECTRONIC ARTS INC.,<br><br>    Defendant. | Case No. 10-cv-03328-RS<br><br>**ORDER VACATING BRIEFING SCHEDULE AND HEARING DATE, AND DIRECTING ADDITIONAL MEET AND CONFER** |

      Plaintiffs seek a 90-day extension of the briefing schedule and hearing date for their class certification motion.[1] In the meet and confer process, defendant expressed a willingness to stipulate to such an extension, provided, (1) the parties reached agreement on a briefing schedule that did not compress defendant's response time, (2) plaintiffs did not represent to the court that extension was made necessary by any act or omission on defendant's part, and, (3) in the event the Supreme Court grants the pending petition for a writ of certiorari, the parties would jointly seek a stay of all trial court proceedings, including discovery.

      Any rejection by plaintiff of the first condition would have been unreasonable. Given that a stipulation would not have required argument as to why an extension was necessary, rejection of the second condition likewise was unreasonable. Even assuming plaintiffs reasonably could have objected to the third proposed condition, this remains a simple scheduling matter that the parties

---

[1] Although plaintiffs invoke Civil Rule 7-11, such requests are governed by Civil Local Rule 6-3.

1  could and should have resolved between themselves, without court intervention.  Counsel are
2  directed to redouble their efforts in all future meet and confer negotiations to ensure that this
3  matter is litigated in a professional manner that preserves court resources and minimizes the costs
4  to the parties.

5  The present briefing schedule and hearing date are vacated.  The parties shall meet and
6  confer and jointly submit a proposed new briefing schedule and hearing date that extends the time
7  by approximately 90 days, taking into account all reasonable scheduling concerns, and preserving
8  the length of defendant's period for filing opposition.  In the event the Supreme Court grants the
9  pending petition, the parties shall then meet and confer to attempt to reach agreement on whether a
10 stay is warranted at that time.  In the event the parties cannot agree on the propriety of a stay,
11 defendant may bring a motion at that juncture.  While such a motion would not ordinarily
12 constitute a "miscellaneous administrative matter," it shall be filed and opposed under the page
13 length and timing requirements of Civil Local Rule 7-11.  No reply brief shall be filed and no
14 hearing shall be set or held.

**IT IS SO ORDERED**.

Dated: March 16, 2016

_____
RICHARD SEEBORG
United States District Judge