UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL E. DAVIS, et al.,

    Plaintiffs,

v.

ELECTRONIC ARTS INC.,

    Defendant.

Case No. 10-cv-03328-RS

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. INTRODUCTION

As discussed in prior orders, the named plaintiffs in this putative class action are former National Football League players who contend that defendant Electronic Arts, Inc. ("EA") has misappropriated their likenesses and rights of publicity through marketing and selling the popular "Madden NFL" series of video games. Those games undisputedly use likenesses of active NFL players, which EA has licensed through the NFL Players' Association. Although EA vigorously contends the games do not use former players' likenesses, there is no question that any such use is unlicensed.

The present motion for partial summary judgment brought by EA presents a narrow question: do plaintiffs have a viable *statutory* claim under California Civil Code §3344? Because a statutory claim—as opposed to a claim under the common law—requires a plaintiff to show the defendant has used a visual image of the plaintiff that is "readily identifiable," and because the undisputed facts show that any association between the "avatars" used in the Madden games and

plaintiffs depends on contextual information beyond the visual images, the statutory claim is not viable and EA's motion must be granted.

## II.  LEGAL STANDARD

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings and admissions on file, together with the affidavits, if any which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323 (citations and internal quotation marks omitted).  If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which he bears the burden of proof at trial. *Id*. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties.  To preclude the entry of summary judgment, the non-moving party must bring forth material facts, *i.e.*, "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986).

The court must draw all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496 (1991) (citing *Anderson*, 477 U.S. at 255); *Matsushita*, 475

U.S. at 588 (1986). It is the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 631 (9th Cir. 1987). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

### III. DISCUSSION

As noted, this motion is directed solely to plaintiffs' claims under California Civil Code section 3344. It is well-settled that section 3344 "neither replaces nor codifies" California's common law "right of privacy for the protection of a person's name and likeness against appropriation by others for their advantage." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691–92 (9th Cir. 1998). Rather, section 3344(g) specifically provides that the statutory remedies are cumulative and in addition to any others provided by law.

Section 3344 provides, in part: "Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner . . . for purposes of advertising . . . without such person's prior consent . . . shall be liable for any damages sustained by the person." Cal. Civ.Code § 3344(a). The section also provides for statutory damages in the alternative to proving actual damages, and for an award of attorney fees to a prevailing party. *Id.* Here, there is no dispute that the Madden games do not use the names, voices, signatures, or photographs of the named plaintiffs or any putative class members. The point of controversy is whether the games use plaintiffs' "likenesses" within the meaning of the statute—or, more precisely, whether there is any triable issue of fact with respect to that question.

The statute expressly provides that liability based on a photograph requires that the plaintiff be "readily identifiable." Cal. Civ.Code § 3344(a). The Ninth Circuit has held that the

same "readily identifiable" standard applies to claims based on alleged misappropriation of "likeness." *Newcombe*, 157 F.3d at 692 ("Because a likeness and a photograph are so similar—a photograph is a visual image that is obtained by using a camera while a likeness is a visual image of a person other than a photograph—we find application of this standard appropriate to likenesses as well as photographs. Therefore, we hold that in order to constitute [the plaintiff's] likeness, the [person] depicted in the advertisement must be readily identifiable as [the plaintiff].")

Under this controlling circuit precedent, plaintiffs' claims under section 3344 are not tenable. Plaintiffs advance no argument that the "avatars" in the Madden games are "readily identifiable" based on the visual characteristics of those avatars. Rather, plaintiffs forthrightly acknowledge their contention is that avatars can be associated with specific retired NFL players because the games include information regarding each avatar's "(1) team; (2) position; (3) physical characteristics (*i.e.* height, weight, skin tone, appearance etc.); (4) biographical characteristics (*i.e.* age and experience)" and because during game play, each avatar allegedly "impersonates or mimics" the way each associated plaintiff played when they were active on the historical teams represented in the games. Of these characteristics, only "skin tone" plainly is observable in the avatars, although there may be some indications of height and weight.

In short, plaintiffs have made no attempt to show (because they believe they need not do so) that *any* of the avatars in the Madden games could be "readily identified" as corresponding to any specific plaintiff based on the appearance of the avatar alone. Rather, plaintiffs insist that the avatars are identifiable through additional *contextual* information. That may be so, and it may support a claim under the common law. As construed by the Ninth Circuit, however, "likeness" as used in section 3344 is narrower than under the common law. *See*, *e.g.*, *Midler v. Ford Motor Co.*, 849 F.2d 460, 463 (9th Cir. 1988) ("The term 'likeness' refers to a visual image not a vocal imitation. The statute, however, does not preclude [plaintiff] from pursuing any cause of action she may have at common law.").

The distinction between potential claims under the statute and under common law are well demonstrated in *White v. Samsung Elecs. Am., Inc.*, 971 F.2d 1395 (9th Cir. 1992). There,

plaintiff Vanna White, of "Wheel of Fortune" notoriety, complained of a television advertisement that envisioned a future era in which a show like "Wheel of Fortune" still aired, with a robot playing White's role. The ad depicted a robot, dressed in a wig, gown, and jewelry, consciously selected to resemble White's hair and dress. The robot was posed next to a game board recognizable as the Wheel of Fortune game show set, in a stance for which White was famous. The caption of the ad read: "Longest-running game show. 2012 A.D."[1] *Id*. at 1396.

Undeniably, with contextual clues, the robot in the ad was intended to represent Vanna White, or at a minimum, some sort of generic Vanna White substitute. The Ninth Circuit, however, concluded:

> Without deciding for all purposes when a caricature or impressionistic resemblance might become a "likeness," we agree with the district court that the robot at issue here was not White's "likeness" within the meaning of section 3344.

*Id. at* 1397.

The Court went on to hold, however, that White might have a tenable common law claim. *See id.*, at 1399 ("the district court erred by rejecting, on summary judgment, White's common law right of publicity claim.")  Although the *White* court declined to delineate the precise boundaries as to when a "caricature or impressionistic resemblance might become a 'likeness,'" it stands as clear authority that mere contextual clues as to the identity of an otherwise ambiguous image will not support a claim under section 3344.  Plaintiffs have not shown, and cannot show, that any of the visual images of players in the Madden games—the avatars—would ever be "readily identifiable" as any specific retired NFL player absent additional contextual information. Because controlling precedent requires such a showing for claims under section 3344, defendants' motion must be granted.[2]

---

[1] At the time, of course, "2012" represented an imagined future.

[2] Plaintiffs' reliance on *Kirby v. Sega of Am., Inc.,* 144 Cal. App. 4th 47 (2006) does not compel a different result.  Even putting aside that *Kirby* affirmed summary judgment for defendants on First

Finally, subsequent to the hearing on this motion, plaintiffs were granted leave to submit additional briefing regarding points they contended had emerged through further discovery. That briefing, rather than focusing on any newly discovered facts and new testimony, largely reiterated plaintiffs' prior arguments that they need not show the visual appearances of the avatars render them identifiable. Plaintiffs undoubtedly are correct that the degree to which a particular image may "resemble, caricature, or bear an impressionistic resemblance to" a plaintiff is relevant to whether a viable statutory claim exists, and that the inquiry is inherently factual. *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 810 (9th Cir. 1997).[3] Thus, in *Wendt*, the Ninth Circuit concluded summary judgment was inappropriate where, given the court's own inspection of the images in dispute, it concluded there were material facts "that might cause a reasonable jury to find them sufficiently 'like' the appellants to violate Cal. Civ.Code § 3344." Here, however, plaintiffs are relying on additional contextual information that goes beyond the elements of a "likeness" in a statutory claim. No genuine issue of material fact as to the "degree of resemblance" exists upon comparison of the relevant aspects of the appearance of the avatars to the appearance of the plaintiffs.[4] Any questions plaintiffs may have raised as to possible evidentiary discrepancies in the

---

Amendment grounds such that observations in the opinion are *dicta*, the court's comments suggesting there could be triable issues on plaintiff's section 3344 claim specifically noted similarities in the *visual images* of the plaintiff and the accused animated character. *See*, *id*, at 56 ("Ulala's *facial features, her clothing, hair color and style* . . . .") (emphasis added.) *See also*, *id.*, at 55. ("The misappropriation of one's 'likeness' refers to a person's visual image.")

Plaintiff's further suggestion that the Ninth Circuit authority discussed above has been "impliedly overruled" by *Comedy III Prods., Inc. v. Gary Saderup, Inc*., 25 Cal. 4th 387 (2001) is not persuasive. *Comedy III* addressed the tension between the First Amendment and the right of publicity, and in no manner undermines the legal principles discussed above that apply here.

[3] Although *Wendt* dates to 1997, plaintiffs did not cite it until the supplemental briefing.

[4] Plaintiffs argue the avatars are associated with performance characteristics during game play that further enhance the connection between the avatars and specific plaintiffs. For example, an avatar that supposedly represents a quarterback known to have a "strong arm" will, by virtue of the programming in the game, demonstrate superior arm strength when a game player directs that avatar to pass the ball. These associations in performance, however, fall short of mimicking any distinctive or identifiable physical characteristics that would support a statutory claim. There is no suggestion that any avatar moves or performs in a manner that is specifically identifiable as a particular player—no "signature" moves, or distinctive physical mannerisms or quirks.

details of how particular avatars are selected for use in the historical games do not alter the fundamental fact that the resulting avatars are not readily identifiable as plaintiffs, absent consideration of information that does not come within a statutory "likeness."

## IV.  CONCLUSION

EA's motion for partial summary judgment is granted.  Final judgment in this action will include judgment in EA's favor on plaintiffs' claims under section 3344.

**IT IS SO ORDERED**.

Dated: August 4, 2017

_____
RICHARD SEEBORG
United States District Judge