UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. DAVIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC ARTS INC.,<br><br>Defendant. | Case No. 10-cv-03328-RS  (DMR)<br><br>**ORDER ON DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 255, 257 |

The parties filed unilateral discovery letter briefs regarding Plaintiffs' motion to compel Defendant Electronic Arts Inc. to respond to discovery that Defendant contends was not properly served. [Docket Nos. 255, 257.] This matter is appropriate for resolution without oral argument. Civ. L.R. 7-1(b). For the following reasons, Plaintiffs' motion is denied.

**I.  DISCUSSION**

The parties dispute whether Plaintiffs successfully served Defendant with certain discovery requests prior to the fact discovery cut-off, which was July 14, 2017. Under the local rules, "a 'discovery cut-off' is the date by which all responses to written discovery are due and by which all depositions must be concluded." Civ. L.R. 37-3. On Friday, June 9, 2017, 35 days before the discovery deadline, Plaintiffs attempted to serve Defendant with two sets of interrogatories and one set of requests for production of documents ("RFPs"). Two days later, on Sunday, June 11, 2017, Plaintiffs attempted to serve Defendant with an additional set of interrogatories and a set of requests for admission ("RFAs"). On both dates, Plaintiffs attempted service by sliding the discovery under the door of defense counsel's office after regular business hours. They also emailed the discovery requests to defense counsel. In total, Plaintiffs attempted to serve Defendant with 47 interrogatories, 85 RFPs, and 22 RFAs.

Defendant timely served objections to the discovery and refused to provide substantive

responses on the ground that the discovery had not been properly served.

Federal Rule of Civil Procedure 5(b)(2) provides that "[a] paper" may be served by

**(B)** leaving it:

**(i)** at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

**(ii)** if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]

Fed. R. Civ. P. 5(b)(2)(B). Thus, the rule provides two separate and distinct service procedures: subsection (i) applies when an office is open, and subsection (ii) applies when the person to be served has no office or the office is closed.

Rule 5 also authorizes service by "electronic means if the person consented in writing . . ." Fed. R. Civ. P. 5(b)(2)(E).

The court finds that Plaintiffs' attempt to serve Defendant by sliding the discovery requests under defense counsel's office door when the office was closed did not constitute proper service. Rule 5(b)(2)(B)(ii) states that if "the office is closed," a paper may be served "at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there." "[N]owhere does the rule allow service to be made simply by inserting the paper to be served into the closed office." *Sinett Inc. v. Blairex Labs., Inc*., 909 F.2d 253, 254 (7th Cir. 1990). Plaintiffs offer no authority or cogent argument for their position that service of the discovery was adequately effected under Rule 5(b)(2)(B) in these circumstances.

Service was also not properly effected by emailing the discovery to defense counsel. Rule 5(b)(2)(E) authorizes service by "electronic means if the person consented in writing." Plaintiffs do not present any evidence that Defendant consented to electronic service in writing. Instead, Plaintiffs argue they have satisfied Rule 5(b)(2)(E) because "EA has itself repeatedly served discovery by electronic means," describing Defendant's May 19, 2017 production of documents by email and a July 7, 2017 request for production of documents by email. [Docket No. 255 at 1-2.] In response, Defendant explains that the May 19, 2017 production was a voluntary production of documents, and was not in response to any RFPs, and that the July 7, 2017 email was a request

that Plaintiffs send defense counsel "copies of documents that Plaintiffs had filed under seal and had not yet provided to EA despite the time-sensitive nature of the filing." [Docket No. 257 at 2-3.] These two circumstances do not support Plaintiff's argument. First of all, the incidents do not involve "service" events. On both occasions, the documents provided via email were not items that were subject to the service rules set forth in Rule 5. Nor do these incidents constitute "consent[] in writing," which the Advisory Committee notes make clear "must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5, Advisory Committee Notes, 2001 Amendment.

## II. CONCLUSION

Since Plaintiffs did not properly serve Defendants with the discovery at issue, their motion to compel is denied.

**IT IS SO ORDERED.**

Dated: September 12, 2017



_____
Donna M. Ryu
United States Magistrate Judge

3