UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. DAVIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELECTRONIC ARTS, INC., <br><br> Defendant. | Case No. 10-cv-03328-RS <br><br> **ORDER DENYING MOTION TO DISMISS** |

Defendant Electronic Arts, Inc. ("EA") moves to dismiss the Second Amend Complaint, contending that all of plaintiffs' claims are preempted by the Copyright Act. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument. The motion is denied.[1]

EA's motion is based on a recent Ninth Circuit decision, *Maloney v. T3Media, Inc.*, 853 F.3d 1004 (9th Cir. 2017). Although EA cites other cases for subsidiary propositions, its motion rises or falls on the question of whether *Maloney* governs here. In *Maloney*, the plaintiffs were former members of a college basketball team that had won a Division III NCAA national

---

[1] The parties are familiar with the long procedural history of this case, and the basic facts have been set out in numerous prior orders. Those matters will not be recounted here.

championship. *See* 853 F.3d at 1007. Images from the team's winning game were captured in copyrighted photographs—copyrights that were owned or controlled by the NCAA. *Id*. Defendant T3Media licensed the right to post the NCAA's Photo Library on its website and thereafter displayed the photographs of the plaintiffs, with a description identifying each player by name. The public could purchase licenses to download these images. *See Maloney v. T3Media, Inc.*, 94 F. Supp. 3d 1128, 1132 (C.D. Cal. 2015) ["*Maloney I*"], *aff'd*, *Maloney*, 853 F.3d at 1007-08.

The *Maloney* plaintiffs filed suit in California state court, asserting right of publicity claims under California Civil Code §3344 and common law, as well as a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. Defendant T3Media removed the action to federal court, asserting complete copyright preemption. The district court agreed there was complete preemption, and dismissed the action. The Ninth Circuit affirmed. EA contends the same result should follow here.[2]

As explained in *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134 (9th Cir. 2006),

> We have adopted a two-part test to determine whether a state law claim is preempted by the [Copyright] Act. We must first determine whether the "subject matter" of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 1021 and 103.2. Second, assuming that it does, we must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders.

*Id.* at 1137–38.

Applying that test, the *Maloney* court concluded the student athlete plaintiffs could not pursue state law claims from use of their images (and names) in the copyrighted photographs.

---

[2] Plaintiffs argue that EA waived copyright preemption by failing to raise it in prior motions or in answers to earlier versions of the complaint. EA responds that plaintiffs' claims are "now" preempted, and that it acted promptly after *Maloney* issued. The implied assertion that *Maloney* established a new rule of law is questionable. *See*, *e.g.*, *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1146 (9th Cir. 2006) (finding copyright preemption where the "identity" plaintiff sought to protect lay in copyrighted music recording). Nevertheless, under the circumstances, it is more appropriate to address the merits of the copyright preemption argument than to find it waived.

After reviewing the precedents, *Maloney* summarized the rule:

> In sum, our cases clarify that a publicity-right claim may proceed when a likeness is used non-consensually on merchandise or in advertising. But where a likeness has been captured in a copyrighted artistic visual work and the work itself is being distributed for personal use, a publicity-right claim is little more than a thinly disguised copyright claim because it seeks to hold a copyright holder liable for exercising his exclusive rights under the Copyright Act.

*Maloney*, 853 F.3d at 1016.

EA contends that plaintiffs in this case are in an identical position to the *Maloney* plaintiffs. The alleged likenesses plaintiffs seek to protect appear in a copyrighted artistic visual work (the Madden games), and the work itself is being distributed for personal use. Plaintiffs' likenesses are not being used on merchandise or in advertising.[3]

EA's attempt to bring this case within the ambit of *Maloney* nevertheless fails. The crucial distinction is that the likenesses of the *Maloney* plaintiffs were fixed in photographs, thereby satisfying the copyright prerequisite that the subject matter be an "original work[] of authorship fixed in any tangible medium of expression . . . from which [it] can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). EA has simply presumed that the alleged likenesses of plaintiffs here are subject to copyright.

There is no dispute that video games are generally copyrightable, and EA obtained copyright registrations for each of the Madden Games. That a particular artistic work is subject to copyright protection, though, does not mean every element within the work is copyrightable. For

---

[3] Plaintiffs insist that the Madden games are "merchandise" and the use of their likenesses "in" the games is therefore outside the scope of copyright. Plaintiffs have substituted the word "in" for the word "on" that is used in *Maloney*. Under the rule set out in *Maloney*, exemption from copyright preemption is only available when the likenesses are being used to promote a product or artistic work, either by appearing *on* merchandise, or in stand-alone advertising. Plaintiffs' argument that they have always been alleging EA used their likenesses *in* the games for financial gain misses the point. They have not alleged the images have been used in stand-alone promotional material, or *on* the "merchandise."

example, a new book about Leonard Da Vinci is copyrightable as an original work of authorship, but excerpts from his notebooks reproduced as illustrations in the book would not be.

Here, game play in the Madden games is dynamic, interactive, variable, and in the hands of the consumer. Plaintiffs contend the avatars allegedly representing their likenesses even have performance characteristics representing plaintiffs' own capabilities in their time as active NFL players. While recordings of actual football games are subject to copyright notwithstanding the independent actions of players during the course of the games, such recordings satisfy the requirement of copyright that the work be "fixed" in a tangible medium of expression. *See Dryer v. Nat'l Football League*, 814 F.3d 938, 942 (8th Cir. 2016) ("Although courts have recognized that the initial performance of a game is an 'athletic event' outside the subject matter of copyright . . . the Copyright Act specifically includes within its purview fixed recordings of such live performances."); 17 U.S.C. § 101. The Madden games, in contrast, allow game play that is not fixed in a tangible medium of expression, and part of plaintiffs' claims is that their identities are reflected in that game play.

Thus, *Maloney*, which involved fixed photographs, does not govern here and the motion to dismiss must be denied. EA shall file an answer to the Second Amended Complaint within 15 days of the date of this order.

**IT IS SO ORDERED**.

Dated: December 11, 2017

_____
RICHARD SEEBORG
United States District Judge

ORDER DENYING MOTION TO DISMISS
CASE NO. 10-cv-03328-RS
4