UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL E. DAVIS, et al.,

Plaintiffs,

v.

ELECTRONIC ARTS INC.,

Defendant.

Case No. 10-cv-03328-RS

**ORDER OVERULING OBJECTIONS TO NON-DISPOSITIVE RULING OF MAGISTRATE JUDGE**

Plaintiffs seek review of the assigned magistrate judge's order imposing certain evidentiary and monetary sanctions. A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Because defendants have shown no such error here, the objections will be overruled.

*Interrogatory Nos. 13 and 14 and RFA Nos. 29 and 30*

These requests relate to plaintiffs' claims for loss of property. Plaintiffs resisted responding to these requests as written because, they contend, they should not be required to commit to a legal position as to whether or not their economic interests in their likenesses constitute "property." The magistrate judge expressly stated plaintiffs need not make an admission either way on that legal issue. When plaintiffs were nonetheless unwilling to enter into a stipulation as discussed at the hearing, the magistrate judge ordered a further response to these

1    requests.  Plaintiffs' further responses were not materially different from their original responses,

2    leading the magistrate judge to impose sanctions.

3         Plaintiffs now insist the magistrate judge erred by overlooking her own statement at the

4    hearing that plaintiffs were not being required to make a legal admission that the economic value

5    in their likenesses is "property."  Although the magistrate judge made that comment in the context

6    of discussing a proffered stipulation—which plaintiffs rejected—it also applies to the requests.

7    The problem with plaintiffs' amended responses is not that they sought to avoid taking a position

8    of whether the economic value of their likenesses is "property," but that they did not clearly state

9    whether or not they have any claims for loss of property *other* than those economic rights (which

10   might or not be property).

11        Although plaintiffs now argue their amended responses at most reflect an "honest

12   miscommunication," the magistrate judge did not clearly err in finding them to be evasive and

13   improper.  Furthermore, assuming plaintiffs in fact were not, and are not, asserting a claim for loss

14   of any property other than the economic rights in their likenesses (whether or not those rights are

15   property), they cannot identify any harm from the evidentiary sanction imposed.  That "sanction"

16   merely limits plaintiffs' property claims to alleged loss of those economic rights, assuming those

17   rights even are "property."

18

19        *Request for production of documents*

20        The magistrate judge concluded that plaintiffs' responses suggested an improper attempt to

21   "keep the production door open" after the close of discovery.  The "sanction" imposed, however,

22   was merely to reiterate the rule which automatically applies in any event.  See Fed. R. Civ. P

23   37(c)(1). ("If a party fails to provide information or identify a witness as required by Rule 26(a) or

24   (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

25   hearing, or at a trial . . . .").  Additionally, while plaintiffs rely on the fact that they had no duty to

26   produce materials not in their possession, custody, or control, they fail to address the portion of the

27   magistrate judge's order finding they had failed to provide an appropriate response to RFP 46.  In

28

United States District Court
Northern District of California

1    any event, the order is not clearly erroneous.

2

3        *Interrogatory Nos. 15 and 19*

4        Plaintiffs initially refused to respond to these interrogatories, which seek damages

5    calculations, as premature and subject to expert testimony.  Plaintiffs were ordered to supplement

6    the responses with respect to any lay testimony they intend to present on damages.  The amended

7    responses included no such information, instead again stating an intent to rely on expert testimony.

8    The magistrate judge ruled plaintiffs are therefore precluded from "offering any lay testimony

9    regarding the value of their names, images, identities, and/or likenesses, other than the information

10   already provided in their responses."

11       There is nothing clearly erroneous about this order.  Plaintiffs' new argument, never

12   presented to the magistrate judge, raised with defense counsel, or suggested in their discovery

13   responses, that they need the "attorney eyes only" designation removed from certain material to

14   permit them to respond is not a basis to reverse the order.

15

16       *RFA No. 27 (erroneously referred to as No. 33 in the motion)*

17       This RFA sought to confirm that plaintiffs never entered into "agreements or business

18   deals" with defendant.  Plaintiffs initially objected the RFA was potentially ambiguous, given that

19   there have been agreements between the parties in the course of this litigation.  After receiving

20   clarification that the RFA was restricted to matters "other than any agreement entered into in this

21   litigation," plaintiffs nonetheless denied it, citing as an example an agreement formed in the course

22   of this litigation (at mediation).  The magistrate judge ruled that the RFA is deemed admitted.  The

23   deemed admission obviously still contains the acknowledged limitation that it refers only to

24   "agreements or business deals" other than those made in the context of this litigation.

25       Plaintiffs' objection that they should not be "sanctioned" for responding to the RFA "as

26   written" is frivolous. It both undermines the purpose of the meet and confer process, and ignores

27   the fact that the evidentiary sanction does nothing more than hold plaintiffs to what manifestly is

28

United States District Court
Northern District of California

their actual position.

### *Monetary Sanctions*

The magistrate judge's careful explanation regarding the basis and amount of monetary sanctions is not subject to any finding of clear error.  The prior stay on the payment of those sanctions is lifted, with a new 30 day period in which to pay commencing as of the date of this order.

**IT IS SO ORDERED**.

Dated:   May 10, 2018

RICHARD SEEBORG
United States District Judge

United States District Court
Northern District of California