United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL E. DAVIS, et al.,
Plaintiffs,
v.
ELECTRONIC ARTS INC.,
Defendant.

Case No. 10-cv-03328-RS

**ORDER DENYING CLASS CERTIFICATION**

## I. INTRODUCTION

As discussed in prior orders, the named plaintiffs in this putative class action are former National Football League players who contend that defendant Electronic Arts, Inc. ("EA") has misappropriated their likenesses and rights of publicity through marketing and selling the popular "Madden NFL" series of video games. Those games undisputedly use likenesses of active NFL players, which EA has licensed through the NFL Players' Association. Although EA vigorously contends the games do not use former players' likenesses, there is no question that any such use is unlicensed.

This is plaintiffs' second attempt to obtain class certification. The first motion was denied because plaintiffs failed to satisfy the threshold requirement of showing California law could properly be applied on a nationwide basis. The present motion is based on a narrowed proposed class definition that, on its face is limited to "video games that [were] sold or distributed in California. While plaintiffs' revised class definition may be sufficient to overcome the choice of

law issue, they have failed to identify sufficient common issues of law or fact, or that any such issues predominate, to warrant proceeding on a class basis. Accordingly, the motion must be denied.

## II. LEGAL STANDARD

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure, which represents more than a mere pleading standard. To obtain class certification, plaintiffs bear the burden of showing they have met each of the four requirements of Rule 23(a) and at least one subsection of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001). "A party seeking class certification must affirmatively demonstrate . . . compliance with the Rule." *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Rule 23(a) provides that a court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

If all four Rule 23(a) prerequisites are satisfied, a court must also find that plaintiffs "satisfy through evidentiary proof" at least one of the three subsections of Rule 23(b). *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). Relevant here is Rule 23(b)(3), which permits certification if a court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "[A] court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 133 S. Ct. 1184, 1194 (2013) (quoting *Dukes*, 131 S. Ct. at 2551); *see also Mazza*, 666 F.3d at 588. This "rigorous" analysis applies to both Rule 23(a) and Rule 23(b). *See Comcast*, 133 S. Ct. at 1432.

Nevertheless, "Rule 23 grants courts no license to engage in free-ranging merits inquiries

at the certification stage." *Amgen*, 133 S. Ct. at 1194–95. "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 1195. If a court concludes that the moving party has met its burden of proof, then the court has broad discretion to certify the class. *Zinser*, 253 F.3d at 1186.

III. DISCUSSION

A. Choice of law

The prior order denying class certification noted, "[i]t might very well be that a former player living in some state that does not recognize a right of publicity would be entitled to sue in California, under California law, for a misappropriation of his likeness in products sold in California." Seizing on that, plaintiffs' renewed motion proposes the following class definition:

> All former NFL players who did not provide permission to EA to use their name, image, identity, persona and/or likeness that are listed on a roster for an NFL team that is included as a "historic" or "all time" team in a Madden NFL video game, and whose actual name appears in the software, or in EA's design database(s), for Madden NFL video games that [were] sold or distributed in California within the applicable statute of limitations.

EA argues the revised definition fails to cure the problem identified in the prior order that right of publicity law varies significantly among the states.[1] First, EA insists that the law of each class member's domicile applies, notwithstanding the fact that plaintiffs have limited the definition to games sold or distributed in California. As mentioned in the prior order, case law does not provide a clear answer as to where a right of publicity claim should be deemed to arise

---

[1] Plaintiffs assert the prior order failed to address the third step of the "governmental interest test," employed by courts when assessing choice of law issues. Although the order included little elaboration at that step, it expressly found "EA has met its burden to show . . . that California's interest is not superior to the interests of those states." The order grounded that conclusion on the analysis of *Lightbourne v. Printroom Inc.*, 307 F.R.D. 593 (C.D. Cal. 2015).

for purposes of conflict of law analysis. Although the law of a plaintiff's domicile is sometimes applied, when the claims arise from product sales in some other state, the law of that forum is often applied. *See, e.g.*, *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001). Certainly it is counterintuitive to say that a particular state may not apply its own law to conduct taking place within its borders simply because the plaintiff is domiciled elsewhere. Although it is not necessary to reach a definitive conclusion on this issue given the other barriers to certification discussed below, plaintiffs likely have the better position that this court may apply California law with respect to sales and distribution of the Madden game in California, even as to the claims on non-resident plaintiffs.

Next, EA argues that, notwithstanding the language of the proposed class definition, plaintiffs are in fact attempting to sweep in sales that took place in other states as part of their damages claim. Indeed, plaintiffs have suggested the "single publication rule" gives them that right. If that is truly what plaintiffs are attempting to do, then EA is correct that the revised definition merely disguises, rather than resolves, the obstacle to class certification that led to denial of the prior motion. There appears to be considerable tension between the single publication rule, which arguably *requires* damages arising from all sales nationwide to be included, and choice of law limitations that often preclude one state from regulating conduct in another state.

If this matter were otherwise suitable for disposition on a class basis, some resolution of that tension would be necessary. At this juncture it is sufficient to conclude that there is at least a chance that it would be appropriate to apply California law to all sales of the Madden game in this state, without reference to the various domiciles of class members. As such, the analysis must proceed to the usual factors under Rule 23.

B. Rule 23

There is no real question that plaintiffs can meet the requisites under Rule 23(a) of numerosity, typicality, and adequacy. The crux of the parties' dispute lies in the further

requirement under Rule 23(a) that be questions of law or fact common to the class, and that under Rule 23(b) those questions "predominate over any questions affecting only individual members."[2]

The "predominance" issue in this case arises from the particular nature of the claim. A plaintiff's publicity right is individual. To prevail, a plaintiff must show:

> (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury.

*White v. Samsung Elecs. Am., Inc.*, 971 F.2d 1395, 1397 (9th Cir. 1992).

Here, plaintiffs have pointed to *no* significant common issues of law or fact that bear on each former NFL player's potential claim for misappropriation of his identity. While the players' individual claims would all arise in the common context of the Madden game, the overlap in the evidence needed to prove each claim would be limited to matters of general background and would be largely uncontested.

Under the proposed class definition, each class member would be an individual "whose actual name appears in the software, or in EA's design database(s)." EA, however, would not be liable for merely listing players' names in its software and/or databases, where they are not displayed to persons playing the game. For a player to prevail, he must show there is an avatar used in the game that is sufficiently identifiable as him to constitute a misappropriation. Even assuming one player succeeds in showing that game users readily identify him (perhaps because

---

[2] Much of the parties' argument has been couched in terms of "ascertainability"—i.e., whether there is a practical way to identify which retired NFL players are members of the proposed class. The Ninth Circuit has ruled that such considerations are not part of a certification analysis. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017) ("In summary, the language of Rule 23 neither provides nor implies that demonstrating an administratively feasible way to identify class members is a prerequisite to class certification.) Additionally, the class is defined to include only players "whose actual name appears in the software, or in EA's design database(s)." While there is some question as to whether plaintiffs have managed to discover an accurate listing of those players, the definition is concrete, specific, and keyed to records that surely exist.

there are particularly distinctive aspects to his identity captured in the avatar and contextual information), it would not follow that all or any of the other players named in the software or databases necessarily also are identifiable. Rather, each and every avatar alleged to represent a particular player will have to be examined to determine if it is an appropriation of *that specific player's* identity within the meaning of the common law tort.[3]

This issue is not merely one of damages, where variations in individual circumstances could be addressed in additional court proceedings or the claims process. This is the very heart of the liability case. Whether each player has a claim or not turns on the specific characteristics of that player's identity and whether he can be identified by virtue of how those characteristics have been reflected in his avatar. EA's potential liability to any former NFL player simply cannot be determined on a class-wide basis.

Neither *Keller v. Electronic Arts Inc*., 2013 WL 5979327 (N.D. Cal. Nov. 8, 2013), nor *Parrish v. Nat'l Football League Players Ass'n*, 2008 WL 1925208 (N.D. Cal. Apr. 29, 2008) compel a different result, notwithstanding the emphasis plaintiffs give to them. While *Parrish* indirectly involved football players' publicity rights, the claims certified for class disposition were contract and breach of fiduciary duty claims against their union, not misappropriation of identity claims. *See* 2008 WL 1925208 at *5. In *Keller*, only antitrust claims were certified. *See* 2013 WL 5979327 at *1 n. 2 ("All subsequent references to 'Plaintiffs' in this order allude specifically to the twenty-one Antitrust Plaintiffs and not to the four Right–of–Publicity Plaintiffs, whose claims are not at issue here.") Plaintiffs have not identified cases affording class treatment to right of publicity claims where there were any questions as to identifiability. Accordingly, certification must be denied.

---

[3] The previously adjudicated statutory claims would also not be amenable for resolution on a class-wide basis, for the same reason.

United States District Court
Northern District of California

IV. CONCLUSION

The second motion for class certification is denied. Within 14 days of the date of this order, the parties should submit a joint status report setting out their views as to how this action should proceed from this point.

**IT IS SO ORDERED**.

Dated: August 17, 2018

RICHARD SEEBORG
United States District Judge