UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL E. DAVIS, et al.,

    Plaintiffs,

v.

ELECTRONIC ARTS INC.,

    Defendant.

Case No. 10-cv-03328-RS

**ORDER DENYING LEAVE TO SEEK RECONSIDERATION**

Plaintiffs move for leave under Civil Local Rule 7-9 to seek reconsideration of the order denying their second motion for class certification. Plaintiffs contend reconsideration is warranted on grounds that "the Court manifestly failed to consider evidence and legal argument presented; and misapprehended the nature of the claim being asserted." More specifically, plaintiffs first argue the order "erroneously required . . . that each individual be specifically identified." Relying on *Midler v. Ford Motor Co*., 849 F.2d 460 (9th Cir. 1988) and *Motschenbacher v. R.J. Reynolds Tobacco. Co*., 498 F2d 821, 824 (9th Cir. 1974), plaintiffs insist their claims under the common law do not require them to show that they can be identified in the Madden game. Plaintiffs take out of context a statement in *Midler* (describing the *Motschenbacher* decision) that "[i]t was irrelevant that Motschenbacher could not be identified in the ad." *Midler*, 849 F.2d 463. As both the context of *Midler* and *Motschenbacher* itself make clear, it was only irrelevant that Motschenbacher could not have been identified solely from his physical appearance in the photograph used in the ad, where "his facial features are not visible." It remains a central element

of the common law claim that the plaintiff be identifiable in the allegedly-infringing medium. *Motschenbacher* stated:

> We turn now to the question of 'identifiability.' Clearly, if the district court correctly determined as a matter of law that plaintiff is not identifiable in the commercial, *then in no sense has plaintiff's identity been misappropriated nor his interest violated*.

498 F.2d at 826–27 (emphasis added).

The court went on to hold that while the "likeness" of the plaintiff—i.e., his image in the photograph—was "unrecognizable," a triable issue of fact still existed as to whether the driver of the car was "identifiable as plaintiff." *Id.* at 827.

      The holding of *Midler* is no more helpful to plaintiffs. At issue there was a deliberate attempt to imitate the singing voice of Bette Midler for a commercial, and evidence in the record that many people hearing the recording believed it to be a performance by Midler. 849 F.2d at 461-62. Observing that "the human voice is one of the most palpable ways identity is manifested," the *Midler* court concluded, "when a distinctive voice of a professional singer is widely known and is deliberately imitated in order to sell a product, the sellers have appropriated what is not theirs and have committed a tort in California." *Id.* at 463. While plaintiffs in this case are not relying on aspects of their identities as palpable as their voices, they may be able to prove common law misappropriation without showing that the avatars are identifiable from visual appearance alone. Nothing in *Midler*, however, relieves them of the obligation to show that they are in fact identifiable. Nor does anything in *Midler* or *Motschenbacher*, neither of which were brought as class actions, somehow relieve plaintiffs from the burden of proving that *each and every* member of any certified class is identifiable. Accordingly, plaintiffs' claim that the order denying class certification manifestly "failed to consider dispositive legal authority" or that such authority does not require plaintiffs to show they are "identifiable in the defendant's work" is without merit, and does not provide a basis for reconsideration.

      Secondly, in a closely related argument, plaintiffs contend the order denying class certification "manifestly failed to consider dispositive evidence and argument showing that EA

employed a common scheme of literally depicting former NFL players' attributes and impersonating their play." As a result, plaintiffs insist, "the precise issue which the Court identified as individual, is in fact a common issue."

The order denying class certification generally characterized the common issues in this action as "limited to matters of general background." While it may have been too generous to describe those matters as "largely uncontested," the term "background" was intended to encompass plaintiffs' proffered evidence and arguments as to *how* elements they contend represent their identities were included and reflected in the Madden game.

Plaintiffs have described the purported "common scheme" in slightly varying terms, but the gist is that EA has, in plaintiffs' view, committed common law misappropriation of their identities by knowingly using their likenesses, through "accurately replicating the historic players' physical and biographical attributes and seeking to accurately simulate the play of [the "historic"] teams." Plaintiffs might very well be able to prove, through common evidence, that as to each of the retired NFL players "whose actual name appears in the software, or in EA's design database(s)," EA attempted to capture the player's identity/likeness by using team media guides, records, and rosters to incorporate physical characteristics (e.g. height, weight, skin tone, etc.) and biographical attributes (e.g. players ages, NFL experience, etc.) to appear in or with an avatar intended to represent that player. Plaintiffs fail to understand, however, that such proof would represent only the most preliminary portion of what each player would have to demonstrate to prevail on his own claim. A player is not entitled to recover simply by showing that EA has utilized some of his biographical facts, physical characteristics, or other attributes in creating a particular avatar in the Madden game. The player also must show that the result is that he can be identified.

By definition, each player's identity is individual. Inevitably, the ultimate question of whether each player can be identified must be individual as well. It simply does not follow, for example, that if plaintiff Vince Ferragamo persuades a trier of fact that his avatar in the game is identifiable given his particular biographical facts, physical characteristics, or other attributes, any

other specific former player is also automatically identifiable. Among other things, the very distinctiveness of those identifying characteristics will vary from player to player. The only 6' 9" defensive end to play the game, for example, might be more identifiable than the dozens of players 6'3" and under.

While not a class action, *Motschenbacher* supports this analysis. The record in that case included evidence that there were distinctive markings on plaintiff's car in the photograph used by defendant's advertisement, and that some persons had correctly inferred that the person driving the car was the plaintiff. *Motschenbacher*, 498 F.2d 821 at 827. Although such evidence led to reversal of summary judgment for defendants, the appeals court noted that on remand it would still be for the trier of fact to decide the ultimate question of identifiability. *See Id*. at 827, n. 17 ("The alteration which may affect identifiability is the change in numbering, but this alteration does not preclude a finding of identifiability by the trier of fact.")  Here, plaintiffs' "common evidence," even if all accepted by the trier of fact, would leave them in no better position than the *Motschenbacher* plaintiff. Each plaintiff would have effectively shown that there is an avatar in the Madden game that has characteristics taken from the real life person, perhaps including some characteristics unique to the real life person. Each plaintiff, however, would still be obligated to persuade the trier of fact that the particular characteristics shown in or with the avatar were sufficient to render it identifiable as that plaintiff.

At heart, plaintiffs' position is that EA is liable under the common law as long as it knowingly and without consent created each avatar utilizing the various characteristics, data, and historical facts associated with the corresponding retired NFL player. Nothing in the case precedents to which they point, however, imposes liability under the common law absent an inquiry into whether the use of such attributes has actually resulted in an identifiable representation of the plaintiff, in some manner. Because such identity is necessarily individual to each player, so is the proof.

Plaintiffs have not shown the prior order manifestly failed to consider their evidence and arguments regarding a "common scheme." Rather, the order was premised on the conclusion that

even presuming plaintiffs prove that scheme existed to the full factual extent they have alleged, liability cannot be resolved on a class-wide basis, and the more important individual questions therefore predominate.  There is no basis to entertain a motion to reconsider.

**IT IS SO ORDERED**.

Dated: September 5, 2018

_____
RICHARD SEEBORG
United States District Judge